In re MAGISTRATES' USE OF VIDEOCONFERENCES.

(471 S.E. (2d) 458)

Supreme Court

Mar. 7, 1994.

## ORDER

As new detention facilities are built at locations distant from population centers, the use of videoconference and facsimile equipment may enhance the efficiency and security of the courts, but must continue to protect all the constitutional and statutory rights of the accused. The creation of pilot programs would be helpful in the assessment of the use of this technology for hearings in criminal court and in development of statewide procedures if the technology proves beneficial. Now, therefore,

IT IS ORDERED that a magistrate or municipal judge, upon approval of the governing body of the county or municipality, may use videoconferencing equipment for the conduct of non capital initial appearances; bond hearings; contested motions; and, acceptance of guilty pleas and sentencing (for offenses initially within jurisdiction of the magistrate or municipal court), upon the following conditions:

1. The magistrate must submit to the Supreme Court prior to their implementation written procedures for use of videoconferencing equipment, to include specifications for types of equipment and their placement.

2. Supreme Court approval of local procedures for use of videoconferencing equipment shall be for a period of one (1) year from date of such approval, but may be extended for good cause.

3. Use of videoconferencing equipment in magistrate and municipal courts shall be limited to noncapital initial appearances; bond hearings; contested motions; and acceptance of guilty pleas and sentencing (for offenses initially within jurisdiction of that magistrate or municipal court).

4. Written consent of the defendant, upon a form prescribed by South Carolina Court Administration and approved by the Chief Justice, shall be obtained for use of videoconference equipment at a hearing or first appearance.

5. The magistrate or municipal judge must verify written and oral waiver of defendant's right to personal appearance at the commencement of any hearing or first appearance.

6. A copy of the videotape of the hearing or first appearance shall be made upon written request of the defendant or prosecution, provided such request is received by the court within thirty (30) days of the date of the hearing or first appearance. The original videotape may be destroyed thirty (30) days after the date of hearing or appearance.

7. Facsimile equipment shall be available for transmission of documents between the judge and the defendant, and facsimile signatures shall be acceptable for purposes of releasing the defendant from custody; however, both actual, signed copies must be promptly filed with the court, and the defendant must promptly be provided with a copy of all documents he or she signs.

8. Equipment and facilities must include:

a. Locations provided for the defendants and for the judges which are properly situated and furnished to be suitable for the conducive to judicial hearings. The locations must be sufficiently quiet and lighted for use of the video equipment and must also be furnished so as to apprise the defendant of the seriousness of the proceedings.

b. At least two (2) video cameras, one to record the defendant, and one to record the judge. The cameras must also be capable of filming the defense counsel and witnesses as necessary.

c. i. At least two (2) television monitors so that the defendant and judge can observe the proceedings at the other's location simultaneously and converse with each other.

ii. The room in which the judge is presiding should be accessible to the public, and interested parties should have an opportunity to observe the proceedings. Therefore, a third monitor should be positioned in the courtroom or seating provided behind the judge for interested parties and counsel for the defense and prosecution.

d. A private telephone line so that defendant and defense counsel can communicate when in different locations.

e. Two (2) facsimile machines so that court documents, witness statements, and other papers can be sent back and forth between the two locations. The defendant must also be allowed to confidentially fax papers back and forth to defense counsel.

IT IS SO ORDERED.

/s/ <u>A. Lee Chandler</u>, C.J.
/s/ <u>Ernest A. Finney, Jr.</u>, J.
/s/ <u>Jean H. Toal</u>, J.
/s/ <u>James E. Moore</u>, J.

DAVID W. HARWELL, not participating.